UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/26/2025_

| | |
|---|---|
| JKN UNIVERSE, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>VVV GLOBAL ENT. LLC,<br><br>      Defendant.<br>───────────────────────<br>VVV GLOBAL ENT. LLC,<br><br>      Counterclaim Plaintiff/Third-<br>      Party Plaintiff,<br><br>  v.<br><br>JKN UNIVERSE, LLC, d/b/a THE MISS<br>UNIVERSE ORGANIZATION<br><br>      Counterclaim Defendant,<br><br>  and<br><br>LEGACY HOLDING GROUP USA, INC;<br>RAÚL ROCHA CANTÚ; BDE MISS USA,<br>LLC; and THOM BRODEUR,<br><br>      Third-Party Defendants. | 25-cv-8234 (LJL)<br><u>MEMORANDUM &</u><br><u>ORDER</u> |

LEWIS J. LIMAN, United States District Judge:

On November 25, 2025, Counterclaim Plaintiff VVV Global Ent. LLC ("VVV") obtained

Clerk's certificates of default as to Third-Party Defendants BDE Miss USA, LLC ("BDE") and

Thom Brodeur ("Brodeur").  Dkt. Nos. 88–89.  VVV also requests that, should the Court vacate

those certificates, Brodeur be required to sit for a deposition and that BDE and Brodeur produce

documents prior to a hearing on VVV's motion for a preliminary injunction.  Dkt. Nos. 82, 93.

The certificates of default are vacated and VVV's alternative requests are denied without

prejudice.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of

default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R.

Civ. P. 55(c).  The "good cause" standard to set aside the Clerk's entry of default "is more

lenient than the standard to set aside a default judgment under Rule 60(b)."  *Bizelia v. Clinton*

*Towers Mgmt.*, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see Meehan v. Snow*, 652

F.2d 274, 276 (2d Cir. 1981).  To determine whether a defendant has shown good cause to vacate

an entry of default, a court must weigh three factors: "(1) the willfulness of default, (2) the

existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."

*Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).  "Other relevant

equitable factors may also be considered, for instance, whether the failure to follow a rule of

procedure was a mistake made in good faith and whether the entry of default would bring about a

harsh or unfair result."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  The

Second Circuit has also "expressed on numerous occasions its preference that litigation disputes

be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995).

All three factors weigh in favor of vacatur of the certificates of default.  The time for

BDE and Brodeur to respond was November 18 and November 19, 2025, respectively.  *See* Dkt.

Nos. 38, 43.  Counsel for BDE and Brodeur appeared on November 19, 2025, Dkt. No. 70, and

made a motion for an extension of time on that same date, Dkt. No. 71.  The Court denied the

motion for an extension of time to file a responsive pleading, as the motion did not request an

extension to a certain date but rather to a date twenty-one days after decision on VVV's pending

motion for a preliminary injunction.  Dkt. No. 73.  Within one hour after that order as issued, counsel for BDE and Brodeur sought VVV's consent to a proposed schedule for a motion to dismiss.  Dkt. No. 84.  Apparently, BDE and Brodeur sought only a short extension to December 12, 2025, which VVV refused.  Dkt. No. 93 at 2.  Counsel's diligence in seeking to negotiate an extension of time is the opposite of the willfulness that might defeat a motion to vacate a certificate of default.  *See Bricklayers & Allied Craftworkers*, 779 F.3d 182, 186 (2d Cir. 2015) (holding that "willfulness" refers to "conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained").

BDE and Brodeur also have articulated potentially meritorious defenses.  VVV's third-party complaint against BDE and Brodeur alleges that the two tortiously interfered with the contract between VVVV and Plaintiff JKN Universe, LLC ("JKN").  Dkt. No. 21 ¶¶ 334–40.  However, JKN alleges that it terminated the agreement with VVV on July 17, 2025 because of VVV's mismanagement.  Dkt. No. 1 ¶¶ 38–45.  If, as BDE and Brodeur assert, JKN decided to sign an agreement with BDE and Brodeur only because VVV's misconduct caused JKN to terminate the agreement with VVV, then VVV's argument that BDE and Brodeur's conduct caused the termination of the JKN agreement would likely fail.

Finally, there is no prejudice.  "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  "Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider 'the effect of the delay caused by the defendant's default.'" *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, 2020 WL 6390162, at *8 (E.D.N.Y. Nov. 8, 2020) (quoting *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010)).  There is no basis to believe that the short delay here would result in "the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and

3

collusion." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (quoting 10A Wright & Miller's Federal Practice & Procedure § 2699 (3d ed.1998)).  VVV argues that "it would be extremely prejudicial to set aside the entry of default" while allowing BDE and Brodeur "to simultaneously avoid participating in discovery."  Dkt. No. 93 at 2.  But a party is permitted to seek vacatur of a certificate of default while preserving an objection to jurisdiction.  Here, BDE and Brodeur have objected to discovery on the grounds that this Court lacks personal jurisdiction over them, Dkt. No. 90, and "[a] non-appearing defendant does not, by defaulting, forfeit its right to challenge any ensuing default judgment for lack of personal jurisdiction," *D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd.*, 348 F. Supp. 3d 365, 389 (S.D.N.Y. 2018), *aff'd sub nom. d'Amico Dry d.a.c. v. Sonic Fin. Inc.*, 794 F. App'x 127 (2d Cir. 2020) (summary order).

As for VVV's alternative request to depose Brodeur prior to the December 11, 2025 hearing on the motion for a preliminary injunction, that request is denied without prejudice for failure to show (1) a "connection between the requested expedited discovery and the avoidance of the [alleged] irreparable injury," and (2) "evidence that the injury that w[ould] result without expedited discovery looms greater than the injury that [Brodeur] w[ould] suffer if the expedited request is granted." *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996) (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982)).  The denial is without prejudice to renewal if the third-party defendants submit a declaration from Brodeur in opposition to the motion for a preliminary injunction.  The motion to compel responses to document requests is denied for the same reasons.  The Court further clarifies that VVV's reply papers in support of the preliminary injunction against BDE and Brodeur are due on December 10, 2025 at 12:00 PM, and not December 11, 2025.

The Clerk of Court is respectfully directed to vacate the certificates of default at Dkt.

Nos. 88 and 89 and to close Dkt. Nos. 82 and 84.

       SO ORDERED.


Dated:  November 26, 2025
          New York, New York

                                LEWIS J. LIMAN
                         United States District Judge