# EXHIBIT 4

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2025 2:42 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 25-2-08202-0

**SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY**
**CASE COVER SHEET / CIVIL CASE**

Case Title LLC NW PRODUCTIONS VS. LLC VVV GLOBAL ENT.

Atty/Litigant Daniel J Oates

Address 605 5th Ave S Ste 900

City SEATTLE          State WA

Case Number 25-2-08202-0

Bar# 39334     Phone (206) 777-7537

Zip Code 98104

Email Address

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, Please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
Administrative Law Review (ALR 2) REV 6
Civil, Non-Traffic (LCA 2) REV 6
Civil, Traffic (LCI 2) REV 6
Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
Breach of Contract, Commercial Non-Contract
or Commercial-Contract (COM 2) STANDARD
Third Party Collection (COL 2) REV 4

**JUDGEMENT**
Judgement, Another County or Abstract
Only (ABJ 2) Non PCLR
Transcript of Judgement (TRJ 2) Non PCLR
Foreign Judgement Civil or Judgement,
Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
Death, Non-Death Injuries or Property
Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
Other Malpractice (MAL 2) COMPLEX
Personal Injury (PIN 2) STANDARD
Property Damage (PRP 2) STANDARD
Wrongful Death (WDE 2) STANDARD
Other Tort, Products Liability or Asbestos
(TTO 2) COMPLEX

**PROPERTY RIGHTS**
Condemnation (CON 2) STANDARD
Foreclosure (FOR 2) REV 4
Property Fairness (PFA 2) STANDARD
Quiet Title (QTI 2) STANDARD
Unlawful Detainer / Eviction (UND 2) REV 4
Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
Compel/Confirm Bind Arbitration, Deposit of
Surplus Funds, Interpleader, Subpoenas, Victims'
Employment Leave, or Wireless Number Disclosure,
Miscellaneous (MSC 2) REV 4
Injunction (INJ 2) REV 4
Malicious Harassment (MHA 2) Non PCLR
Meretricious Relationship (MER 2) REV 4
Minor Settlement/No Guardianship (MST2) REV 4
Pet for Civil Commit/Sex Predator (PCC2) REV 4
Property Damage Gangs (PRG 2) REV 4
Relief from Duty to Register (RDR) REV 12
Restoration of Firearm Rights (RFR 2) REV 4
Seizure of Property/Comm. of Crime (SPC2) REV 4
Seizure of Property Result from Crime (SPR2) REV 4
Trust/Estate Dispute Resolution (TDR2) REV 12
Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
Hospital, Medical Doctor, or Other Health Care
Professional (MED2) COMPLEX

**WRIT**
Habeas Corpus (WHC 2) REV 4
Mandamus (WRM 2) REV 4
Review (WRV 2) REV 4
Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 30 2025 2:42 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 25-2-08202-0

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| NW PRODUCTIONS, LLC, a Washington limited liability company,, <br><br> Plaintiff, <br><br> v. <br><br> VVV GLOBAL ENT., LLC, a Florida limited liability company; JKN UNIVERSE, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT |

COMES NOW Plaintiff NW PRODUCTIONS, LLC d/b/a PAGEANTS NW, by and through its attorneys of record, the law firm of MILLER NASH LLP, and hereby complains and alleges as follows:

**PARTIES**

1.    Plaintiff NW Productions, LLC ("NW Productions") is a limited liability company organized under the laws of the state of Washington, and its principal place of business is located at 17404 Meridian East, Suite F146, Puyallup, Pierce County, Washington.

2.    Upon information and belief, Defendant VVV GLOBAL ENT., LLC ("VGE") is a limited liability company organized under the laws of the state of Florida, and its principal place of business is located at 5011 Ocean Boulevard, Suite 305, Sarasota, Sarasota County, Florida.

COMPLAINT - 1

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

3. Upon information and belief, LAYLAH LOICZLY ("Laylah Rose") is the person designated and authorized to manage, provide oversight, and direct VGE as its principal, executive, officer, representative, and/or agent, and is a resident of the state of Florida.

4. Upon information and belief, Defendant JKN Universe, LLC ("JKN"), is a Delaware limited liability company, and its principal place of business is located at 161 Water St. New York City, New York.

5. At all times relevant to this Complaint, DOES 1 – 10, inclusive, were, or were and now are employees, agents, representatives, or persons, or corporations, firms, partnerships, affiliates, associations, or other entities acting in concert with the named Defendants, and the true names, identities, or capacities of such parties, whether individual, corporate, or associates, are presently unknown, and are therefore sued under such fictitious names. When the true names and capacities of such parties become known, Plaintiff will seek leave of Court to amend this Complaint to insert the true names, identities, and capacities, with proper allegations and causes of action.

## JURISDICTION AND VENUE

6. Pursuant to RCW 4.28.185, this Court has personal jurisdiction over the parties because VGE and JKN regularly transact business within the state of Washington, and the matters giving rise to this action took place in this jurisdiction.

7. Plaintiff NW Productions is a former franchisee who offers statewide beauty pageants in the Pacific Northwest, including the state of Washington, involving Miss Teen USA and Miss USA. All, or the substantial part, of the facts and circumstances giving rise to this case or controversy occurred within the state of Washington.

8. Defendants VGE and JKN purposefully availed themselves of the laws and protections of the state of Washington and targeted the forum state by regularly conducting business therein. Namely, VGE and JKN frequently promoted, offered, permitted, and/or allowed Miss Teen USA and Miss USA state pageants to take place annually within the forum state, and

COMPLAINT - 2

aimed for contestants to advance from state pageants to compete on a national level at MISS USA® and MISS TEEN USA® pageants to serve VGE's and JKN's benefit.

9.      Defendants regularly conducted business with NW Productions, a Washington State limited liability company, and had sufficient minimum contacts within the forum state so as to affect the interests of Washington State citizens. Specifically, VGE's and JKN's actions directly and significantly impacted countless members of the public who watched said pageants, supported said pageants, and/or took part in the pageants as contestants, which makes the state of Washington the most suitable forum to hear this dispute.

10.     This venue is proper under RCW 4.12.020 because the action must be tried in the county in which the cause of action or some part thereof arose.

## GENERAL ALLEGATIONS

**A. Background.**

11.     IMG, a subsidiary of Endeavor, which is a global sports and entertainment company, sold its interests in the Miss Universe Organization ("MUO") to JKN Global Group, an affiliate of JKN, in or about 2022. Upon information and belief, JKN was and is, at all times relevant to this Complaint, doing business as MUO.

12.     Upon information and belief, JKN is owned, in part, by Legacy Holding Group USA Incorporated, a Delaware corporation. JKN is the owner of certain registered marks, including marks such as: "MISS UNIVERSE®," "MISS USA®," and "MISS TEEN USA®."

13.     The national MISS USA® and MISS TEEN USA® ("Miss USA | Miss Teen USA") competitions are produced and directed by VGE, which is owned, operated, and directed by its founder Laylah Rose. Upon information and belief, VGE and Laylah Rose received authority to produce and direct said competitions directly from JKN, and VGE's as well as Laylah Rose's decisions, actions, and conduct, as alleged herein, were approved, condoned, or ratified by JKN.

COMPLAINT - 3

14.    Laylah Rose makes executive decisions on behalf of MUO concerning Miss USA | Miss Teen USA pageants, and exercises control over Miss USA | Miss Teen USA brand franchisees, including NW Productions.

15.    NW Productions has served as a franchisee relating to the Miss USA | Miss Teen USA brand for more than two decades, hosting state pageants for contestants under the control, direction, and oversight of its franchisor, and pursuant to MUO licensing, in Washington, Oregon, and Idaho.  NW Productions operated as a franchisee pursuant to annual franchise agreements that were repeatedly and historically renewed.

16.    During the course of NW Productions' tenure as a franchisee, it served a model franchisee that operated successful and profitable pageants on behalf of the brand and national organization. NW Productions even volunteered for JKN's Miss Universe Pageants that were held in 2023 in New Orleans as well as El Salvador.

**B. JKN and VGE circulated a series of Letters of Intent, and NW Productions reasonably relied on the repeated promises, assurances, and representations of its franchisor in anticipation of looming state pageants.**

17.    Before JKN and VGE issued Letters of Intent, on or about September 15, 2022, the MISS Brand Corp sent NW Productions three separate Letters of Intent concerning the 2023 state pageants for Washington, Oregon, and Idaho. The transmittal email providing the Letters of Intent to NW Productions states that the: Letter[s] of Intent ha[ve] been prepared with the intention of signing a License Agreement between your company and The Miss Brand Corp. d/b/a Miss USA Organization."

18.    Each Letter of Intent provides, in pertinent part, that "[a]fter this Letter of Intent has been made, a formal agreement (the "License Agreement") will be sent for your review which will incorporate the following terms along with specific information regarding your rights and responsibilities as a licensee of the above-referenced competitions from The MISS Brand Corp," d/b/a MUO.

COMPLAINT - 4

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

19.     Each Letter of Intent explicitly provides that "[t]he License Agreement referenced above will be provided soon after the terms of this Letter of Intent are settled and agreed to between the parties hereto." NW Productions executed and returned each original Letter of Intent on or about September 15, 2022, which were acknowledged by a representative, the Director of Operations and Licensing, who was acting on behalf of MUO.

20.     NW Productions received a separate series of Letters of Intent from MUO (on behalf of JKN) on November 1, 2022.

21.     These three new Letters of Intent related to 2023 state pageants, which Defendants contended "represented the basic terms agreed upon by the Licensor and [NW Productions]" concerning the states of Washington, Oregon, and Idaho.

22.     The Letters of Intent were not accompanied by a Franchise Disclosure Document ("FDD") issued under the FTC Franchise Rule. *See* 16 C.F.R. § 436.

23.     The Letters of Intent further provide that, in exchange for consideration, including initial license fees of  $4,663.00, $3,906.00, and $4,925.00, respectively, "[t]he Licensor would like to express its intent to exclusively offer the Candidate Licensee the right to purchase:" (a) the Miss Washington USA and Miss Washington Teen USA License in the state of Washington; (b) the Miss Idaho USA and Miss Idaho Teen USA License in the state of Idaho; and (c) the Miss Oregon USA and Miss Oregon Teen USA License in the state of Oregon.

24.     NW Productions' 2023 state pageants occurred as follows: Idaho, on September 11, 2022, Oregon, on October 14-15, 2022, and Washington, on November 12-13, 2022.

25.     On or about November 9, 2022, just before the completion of the 2023 Washington state pageant, representatives of MUO emailed NW Productions asking, "[d]o you happen to have the dates for next year['s pageants]?" to which NW Productions replied, providing the dates for each of the 2024 state pageants well in advance of the future pageant dates since the 2023 pageants were completed or nearly completed.

COMPLAINT - 5

26.     On or about March 7, 2023, MUO, on behalf of JKN, reiterated to state directors that "[i]n the coming weeks, you will be sent official franchise agreements for your signature," and requested that fees be wired to the bank account of "JKN Universe, LLC." MUO further acknowledged that "we understand there are some things that need to be answered as you continue to produce your pageants . . . and that [franchisees] have moved forward based on the Letter[s] of Intent."

27.     On or about March 13, 2023, NW Productions followed up with MUO providing "[j]ust checking in on when you think we will receive the state entry form for the 2024 pageant season," to which MUO replied, "[w]orking on contracts this week so hopefully next week. For now I would use the prior [form] if need be."

28.     On or about April 3, 2023, JKN billed NW Productions for the 2023 state pageants, and NW Productions made payment to JKN. NW Productions learned that it had overpaid JKN based on an incorrect invoice amount, although NW Productions eventually received a refund for the amount of overpayment.

29.     On August 1, 2023, MUO announced to state directors that Laylah Rose would be serving as president and overseeing Miss USA | Miss Teen USA brand franchisees.

30.     On or about August 2, 2023, VGE hosted a Zoom meeting to introduce VGE's leadership team and field questions from state directors. NW Productions asked about the status of their crowns as they had a pageant coming up and shared that this pageant was approved by MUO and/or JKN executives. After the Zoom meeting, VGE's executive followed up with NW Productions via a phone call and requested copies of the emails which evidenced that MUO and/or JKN was aware of the upcoming pageants. After the phone call, NW Productions followed up with VGE and provided several emails concerning NW Productions' preparation in anticipation of the looming state pageants, including an email demonstrating that MUO and/or JKN agreed to send the tracking number for the shipment of the 2024 state pageant sashes, which were plainly intended to be used at the looming pageants.

COMPLAINT - 6

31.    JKN d/b/a MUO and VGE knew or should have known that NW Productions was working diligently to field contestants, sell tickets to patrons, issue advertisements, market and promote the pageants, and take other steps necessary to host a successful pageant. NW Productions was publicly posting about ticket sales, contestants, and upcoming pageants on the official social media accounts of MUO including the official state Facebook accounts, which are owned by JKN.

32.    NW Productions continued to rely on the course of dealings with its franchisor as well as the numerous promises, representations, and assurances made by JKN d/b/a MUO and VGE while NW Productions continued to market and promote the 2024 state pageants, sell tickets, sell photo and video packages, livestream packages, retain hair and makeup stylists, issue advertisements, field contestants, and engage in communications and/or social media interactions with members of the public.

**C. VGE and Laylah Rose arbitrarily discriminated against the NW Productions franchise and belatedly cancelled NW Productions' 2024 Pageants without justification, causing NW Productions to sustain significant damages.**

33.    NW Productions had been actively engaging in efforts to host the 2024 state pageants (to be held in August 2023) since the fall of 2022.

34.    On or about August 4, 2023, Laylah Rose made the belated decision to call NW Productions, with the presence of Laylah Rose's counsel, to inform NW Productions that the anticipated Washington, Idaho, and Oregon state pageants would be cancelled despite NW Productions' extensive efforts, without consideration of the fact that the Washington state pageant was roughly two weeks away.

35.    While it is concerning that Laylah Rose and her counsel communicated with NW Productions without NW Productions' attorneys present, or without providing NW Productions an opportunity to have their attorneys present, it is particularly disturbing that Laylah Rose effectively cancelled NW Productions' Washington, Idaho, and Oregon state pageants last minute.

COMPLAINT - 7

36. These pageants were cancelled with little justification, if any. Rather, this cancellation was an arbitrary last-minute decision on VGE's part, which upon information and belief, was attributed to the discriminatory motive of Laylah Rose and VGE.

37. After orally communicating cancellation to NW Productions, later that evening, Laylah Rose issued an email to state directors, which included a letter detailing plans to cancel those state pageants that were set to take place prior to any franchisees receiving a 2024 contract.

38. The letter provides, in pertinent part: ". . . [VGE] is now operating and producing the Miss USA/Miss Teen USA Pageants . . . while preparations for the 2024 state pageants have begun, no 2024 state directorships will be awarded a license until after the conclusion of the 2023 Miss USA/Miss Teen USA Pageants. Once the 2024 State Directors are selected, license agreements for the 2024 pageants will be prepared and circulated for execution and, upon such execution, the 2024 State Directors may begin making arrangements for the 2024 state pageants. [U]ntil these matters are finalized, no state pageants for 2024 shall be held . . . ."

39. A separate email communication sent by Laylah Rose represents that "we will prioritize considerations for the current state directors first and will eventually open opportunities externally."

40. On or about August 7, 2023, VGE sent a cease and desist letter to NW Productions stating, "despite our conversation on August 4, 2023 and despite the letter to all state directors sent by VGE on August 4, 2023, you intend to move forward with holding a 2024 Miss Washington on August 20, 2023, a 2024 Miss Idaho on September 10, 2023, and a 2024 Miss Oregon on October 21, 2024."

41. VGE's cease and desist letter to NW Productions further provides: "it does appear that you are still actively selling tickets and marketing the pageants as official Miss USA and Miss Teen USA sanctioned preliminaries. As you are aware, you have not been granted a license for the 2024 pageants. Accordingly, any pageants held by you prior to the execution of an agreement between you and VGE for the 2024 pageants will be unsanctioned and unauthorized and any

COMPLAINT - 8

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

contestant crowned at such an event will not be recognized as a 2024 queen or allowed to participate as a Miss USA or Miss Teen USA contestant. Accordingly, you are directed to cease and desist all unauthorized use of the Miss USA and Miss Teen USA name, branding and trademarks, cease and desist holding out to the public that you are authorized to conduct any state pageants for the 2024 Miss USA or Miss Teen USA competitions, and cancel any and all upcoming pageants until such a time as an agreement for the 2024 pageants is executed by you and VGE."

42.    NW Productions promptly complied with VGE's cease and desist letter and informed contestants, families, supporters, and members of the public that the 2024 state pageants to be held in Washington, Idaho, and Oregon in 2023 would be cancelled. NW Productions ceased all efforts to host said pageants in light of VGE's threatened lawsuit and, thereafter, VGE made no additional threats or demands.

43.    NW Productions requested assistance from JKN and VGE with regard to an official statement to offer to contestants, families, and members of the public regarding the last-minute cancellation; confirmation that the 2023 state pageant queens would not be prejudiced for national pageants; and an official public statement from Laylah Rose as to why said pageants must be "put on hold" considering Laylah Rose had demanded that state directors keep certain communications private. Laylah Rose did not provide an official public statement and, in essence, prevented NW Productions from being able to successfully alleviate the backlash and negative comments from contestants, families, and members of the public.

44.    On or about August 8, 2023, NW Productions informed MUO that their strong desire to move forward with the 2024 pageants was attributed to, among other things, NW Production's intent to mitigate the impact against MUO as a result of the 2022-2023 public relations "nightmare;" to allow a disabled 2024 Miss Washington USA contestant to compete considering she would be engaging in an interview with FOX Affiliate News on August 16, 2023; to allow two Miss Washington USA transgender contestants to make pageant history by walking

COMPLAINT - 9

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

onto the Miss USA stage who, similarly, would be participating in a FOX Affiliate News interview on August 17, 2023.

45.     VGE's cancellation of NW Production's pageants caused extreme backlash, frustration, and dissatisfaction from contestants, family members, supporters, and members of the public, given the exceptional amount of planning that had gone into hosting each pageant, and considering the number of persons who had already made arrangements to participate and/or attend.

46.     Aside from the COVID-19 pandemic, last minute cancellations of this nature were unprecedented for NW Productions and a belated cancellation of this magnitude was far from the "norm" for MUO state pageants that took place in Washington, Oregon, and Idaho.

47.     NW Productions, because of VGE's cancellation, received numerous negative comments, including critique from at least one consumer who became particularly concerned with the fact that certain other states were allowed to proceed with their 2024 pageants while NW Productions was prohibited from moving forward with the Washington State pageant. NW Productions brought this issue to the attention of MUO, noting "[w]hile this [separate pageant] is a preliminary pageant to the state qualifier, we were told that all 2024 state pageant[s] . . . must be put on pause. This [other] pageant took place over the weekend, which was the same weekend as our WA pageant," where "[t]he USA title and crown were used." In other words, JKN and VGE had allowed other franchisees to move forward with holding pageants in 2023 while NW Production was forced to cease and desist all efforts under the threat of lawsuit, evidencing the fact that NW Productions was arbitrarily discriminated against relative to other franchisees.

48.     VGE precluded the pageant from moving forward for six months; and contestants were essentially left in "limbo" waiting to hear further information from NW Productions due to VGE's unreasonable delay during this time period. VGE's actions left NW Productions without viable alternatives, and VGE failed to exercise reasonable efforts to assist its franchisee.

COMPLAINT - 10

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

49.    VGE opened applications for new state directors in all states, requiring all current state directors to reapply for the positions. On or around November 3, 2023, VGE sent an email to state director candidates providing that each candidate had to sign and submit a non-disclosure agreement prior to November 8, 2023, in order to be considered for the state director position(s).

50.    VGE provided that "[f]ollowing the receipt of your signed documents, we will begin notifying qualified finalists on a rolling basis, implying that the notifications may not be simultaneous. Please note that **failure** to submit the aforementioned documents by 5:00 pm EST on Wednesday, November 8, will signify that you are **no longer** interested in pursuing this opportunity."

51.    NW Productions' attorneys contacted VGE's counsel, explaining that an NDA is an improper pre-requisite to allowing the consideration of applicants, and further questioned why VGE's counsel was unresponsive.

52.    After NW Productions' attorneys sent a certified letter to VGE, VGE's counsel responded on or about November 16, 2023, stating: "[w]e are certain that we are not in violation of any FTC or similar (FIPA) rules or regulation based on how we are handling the state pageants moving forward. Although we were not provided with an executed copy, it is our understanding that your client was under a 1 year agreement with MUO for Washington, Oregon and Idaho covering the 2023 pageant year. Based on the one year agreement, we were happy to have the delegates from your client's state participate in the 2023 Miss USA and Miss Teen USA pageants. As you know, my client has not entered into any agreements with your client, and, therefore, is not contractually obligated in any way with regard to your client. My client is going to move forward with processing applications for each state as outlined in the correspondences that my client sent to your client. As the final selections have been made, the applicants will be made aware of the results. Please feel free to reach out if you have any further questions."

COMPLAINT - 11

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

53. On or about December 5, 2023, VGE sent an email stating "**no pageant has been canceled for the 2024 year** . . . Our aim is to ensure that everyone has a comprehensive understanding and a clear vision for moving forward." (emphasis added).

54. On or around January 9, 2024, a JKN executive sent an email to 2024 state director applicants which states: "[f]irst, the prior communication and agreements that you may have received on November 3, November 21, or November 29 including specifically a confidentiality/non-circumvention agreement and proposed management agreement with V[GE] . . . are withdrawn and rescinded as of the date of this communication to you. Rather, **JKN intends to offer all 2023 State Directors the opportunity to participate in the 2024 Pageants by entering into a license agreement with JKN** as the licensor on generally the same terms as the 2023 state director license agreements." (emphasis added).

### D. JKN, MUO, VGE, and Laylah Rose have received significant negative publicity from the media and various public sources.

55. JKN, MUO, VGE, and/or Laylah Rose have received exceptional attention from the public after a series of accusations driven by contestants, supporters, and/or members of the general public.

56. On May 11, 2024, NBC News published an article discussing the 2023 resignations of both Miss USA and Miss Teen USA current titleholders. The article provides: "[t]he sudden resignations of Miss USA and Miss Teen USA have triggered a fresh wave of scrutiny into the pageants' owner [and] the Miss Universe Organization." The article goes on to address accusations against "Rose, the Miss USA CEO and president, of unprofessional and toxic conduct that . . . included failing to meet contractual duties, bullying [Miss USA, Noelia] Voigt and lying about Voigt to other people within [the] Miss USA [organization]."[1]

---

[1] NBC News, https://www.nbcnews.com/news/us-news/miss-usa-resignation-scandal-pulls-back-curtain-pageant-industry-strug-rcna151709, Dohna Madani et al., May 11, 2024 at 5:00 AM PDT.

COMPLAINT - 12

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

57.    NBC News issued a separate article on May 9, 2024, discussing Miss USA's resignation and letter of resignation. That article states: " '[t]here is a toxic work environment within the Miss USA organization that, at best, is poor management and, at worst, is bullying and harassment,' Noelia Voigt wrote in the letter. 'This started soon after winning the title of Miss USA 2023.' " The article further provides that "[i]n her resignation letter,[2] Voigt said that Miss USA CEO and President Laylah Rose consistently failed to communicate and that when she did, she was 'often cold and unnecessarily aggressive.'"

58.    The New York Times released an article[3] that details the implications that pageant directors faced, including NW Productions, which provides, in pertinent part:

> It wasn't only the winners who felt wronged by Ms. Rose. Some state directors said they were put off when Ms. Rose did not ask them to introduce themselves in their first meeting together. (All current state directors interviewed for this article were granted anonymity because they feared retaliation by Ms. Rose.) Soon after, Ms. Rose informed the directors that their local pageants were being put on hold — **leaving at least one director on the hook for tens of thousands of dollars in expenses for events set to be held just a few weeks out, according to several state directors with knowledge of the situation. The decision also affected hundreds of women around the country who compete in state-level pageants throughout the year, and often spend thousands of dollars on travel, attire, coaching and entry fees.** (emphasis added).

59.    In refusing to allow the 2024 pageants to proceed, and in refusing to provide franchise agreements to NW Productions, JKN and VGE arbitrarily discriminated against NW Productions. Defendants' actions have caused NW Productions to sustain significant financial damages and irreparable harm, including loss of reputation and goodwill, and JKN and VGE have harmed the interests and financial well-being of countless women and interested persons across the country.

---

[2] NBC News, https://www.nbcnews.com/news/us-news/miss-usa-resignation-letter-toxic-work-culture-rcna151582, Brttany Lane et al., May 9, 2024, at 5:28 PM PDT.
[3] New York Times, https://www.nytimes.com/2024/06/13/style/miss-usa-laylah-rose.html, Madison Malone Kircher et al., June 13, 2024.

COMPLAINT - 13

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

60.    In the fall of 2024, Hulu aired the broadcast of "Cracks in the Crown: Miss Universe in Crisis?" which scrutinizes MUO and its change in ownership as well as current leadership.[4]

**E. NW Productions sustained significant damages and was forced to retain counsel to pursue relief as a result of VGE's inappropriate and unlawful conduct.**

61.    On or about January 18, 2024, after the Washington, Idaho, and Oregon state pageants had been cancelled, NW Productions engaged in a call with Laylah Rose on behalf of VGE, where NW Productions explained the significant financial loss that NW Productions sustained as a result of VGE's last-minute cancellations. During this call, Laylah Rose said it was her first time learning that VGE's counsel sent a cease and desist letter to NW Productions with the threat of a lawsuit if NW Productions did not immediately forego their 2024 state pageants. On or about January 24, 2024, VGE scheduled a zoom call with the state directors. NW Productions asked during the recorded Zoom call what to do about the contestants that were impacted by the pageant being canceled on August 7, 2024. Laylah Rose responded, stating that in order to keep continuity, *she would like all state directors back for the 2025 season* and that NW Productions could rollover the contestants who had 2024 scheduling conflicts to the 2025 pageant season. At another state directors meeting scheduled by VGE on or about February 28, 2024, when NW Productions asked about the 2025 pageants, VGE explained that 2025 state pageants would be discussed at the next town hall around March 27, 2024. However, VGE canceled that meeting with very short notice.

62.    On February 28, 2024, NW Productions eventually received the FDDs for both Idaho and Oregon, but never received the FDD for the state of Washington. In fact, the FDD still has not been received as of current date, even though VGE, at all times relevant to this Complaint, continued to treat NW Productions as a franchisee.

63.    Then on or about April 13, 2024, VGE sent a communication to 2024 state directors stating, in pertinent part, "we want to follow up on the January Town Hall and questions from

---

[4] Hulu, IMPACT X NIGHTLINE: CRACKS IN THE CROWN: MISS UNIVERSE IN CRISIS?, (Nov. 21, 2024).

COMPLAINT - 14

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

some state directors about permitting a 2024 applicant to roll over the pageant fee from 2024 to 2025 if for whatever reason an applicant decides not to compete in the 2024 state pageant. It is your decision as the 2024 state director whether to refund the fee in that circumstance subject to the application terms. If you do allow a 2024 applicant to roll over the application fee to 2025 and you are not renewed as a state director for 2025, you will be required to transfer that fee to the new 2025 state director for that state. **To be clear on this point, nothing above said is intended to state or imply any state director will not be renewed**." (emphasis added).

64.    After VGE circulated certain FDDs, and expressed willingness to engage in discussions regarding future pageants, VGE and Laylah Rose cancelled future meetings with NW Productions, and unilaterally terminated substantive discussions. The parties never executed a contract.

65.    On information and belief, VGE is permitting certain state directors to proceed with 2025 state pageants without having entered into a formal contract, which amounts to arbitrary discrimination against NW Productions considering NW Productions was never given this opportunity.

66.    Under Washington law, franchisors are expressly prohibited from discriminating between franchisees in the charges offered or made for royalties, goods, services, equipment, rentals, advertising services, or with respect to any other business dealing subject to limited exceptions that must be proven by the franchisor.

67.    VGE neither formally terminated the franchisor-franchisee relationship nor did it make any attempt to renew the franchisor-franchisee relationship and establish subsequent agreements with NW Productions. To the contrary, VGE failed to offer any guidance, oversight, or services, and has since left NW Productions "hanging out to dry," depriving NW Productions of its ability to plan and prepare for the 2025 state pageants.

68.    In the summer of 2024, VGE stated that NW Productions' agreements with VGE would not be renewed unless NW Productions signed franchise agreements that waived all claims

COMPLAINT - 15

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

against NW Productions, and imposed significant non-disclosure and confidentiality obligations. Then, on or about August 27, 2024, VGE rescinded even this proposal, and notified NW Productions that it would not be renewed as a 2025 franchisee. The renewal was less than six months before the commencement of the 2025 term, and VGE has not offered any compensation to NW Productions whatsoever for this nonrenewal.

69.    VGE has never identified or provided notice of default to NW Productions of its obligations and had no grounds to terminate NW Productions' franchise agreement for cause.

70.    As a result of VGE's nonrenewal of the franchise relationship, NW Productions sustained substantial damages, including damages to its reputation and goodwill, the extent of which is difficult to ascertain at this juncture.

71.    More importantly, the damages inflicted by Defendants are so severe that NW Productions' may be inoperable and incapable of engaging the course of business in the beauty pageant industry. In other words, Defendants' conduct has resulted in the demise of NW Productions.

72.    NW Productions has been forced to retain counsel to pursue relief, which includes, among other things, monetary damages, equitable relief, and reasonable costs and attorneys' fees associated with pursuing this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of the Consumer Protection Act**
**(Against all Defendants)**

73.    NW Productions repeats and realleges each and every allegation contained in Paragraphs 1 through 72 above as if same were fully set forth fully herein.

74.    Defendants, at all times relevant to this Complaint, served as a franchisor to NW Productions, a franchisee and limited liability company organized under the laws of the state of Washington, and thus are subject to Washington's Franchisor Investment Protection Act.

COMPLAINT - 16

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

75. Defendants engaged in a series of unfair and deceptive acts and practices in violation of RCW 19.100.180 *et seq*., as described throughout this Complaint.

76. RCW 19.100.180(2)(c) makes it an unfair or deceptive act or practice or unfair method of competition, and therefore unlawful and a violation of the Washington Franchise Investment Protection Act ("FIPA") for a franchisor to "[d]iscriminate between franchisees in the charges offered or made for royalties, goods, services, equipment, rentals, advertising services, or in any other business dealing." Defendants have discriminated against NW Productions by refusing to allow it to hold its 2024 pageants while arbitrarily allowing other franchisees to hold their pageants.  Defendants have also discriminated against NW Productions by refusing to provide NW Productions with a contract, while arbitrarily providing other franchisees with contracts and/or allowing for other franchisees to proceed with operations without formally signing such contracts.

77. RCW 19.100.180(2)(g) makes it an unfair or deceptive act or practice or unfair method of competition, and therefore unlawful and a violation of FIPA for a franchisor to "[r]equire a franchisee to assent to a release, assignment, novation, or waiver which would relieve any person from liability imposed by this chapter. . ." Defendants purported to require NW Productions to agree to a release or waiver of its rights under FIPA, including its right to freely associate, its right to receive disclosures and compensation for renewal, and its right to pursue claims for prior statutory violations, as a condition to receiving a renewed franchise agreement.

78. RCW 19.100.180(2)(h) makes it an unfair or deceptive act or practice or unfair method of competition, and therefore unlawful and a violation of FIPA for a franchisor to "[i]mpose on a franchisee by contract, rule, or regulation, whether written or oral, any standard of conduct unless the person so doing can sustain the burden of proving such to be reasonable and necessary." Defendants have imposed unreasonable standards of conduct on NW Productions, including by, among other things, imposing confidentiality requirements, canceling pageants arbitrarily and/or in a discriminatory fashion, and imposing unreasonable restrictions and limitations on pageant rules, timing, and procedures.

COMPLAINT - 17

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

79.     RCW 19.100.180(2)(i) makes it an unfair or deceptive act or practice or unfair method of competition, and therefore unlawful and a violation of FIPA for a franchisor to "[r]efuse to renew a franchise without fairly compensating the franchisee for the fair market value, at the time of expiration of the franchise, of the franchisee's inventory, supplies, equipment, and furnishings purchased from the franchisor, and good will . . . ." Defendants refused to renew NW Productions' franchise in August 2024, and failed and/or refused to offer fair compensation to NW Productions for the value of its business goodwill and other required payments.

80.     RCW 19.100.180(2)(j) makes it an unfair or deceptive act or practice or unfair method of competition, and therefore unlawful and a violation of FIPA for a franchisor to "[t]erminate a franchise prior to the expiration of its term except for good cause."  Defendants terminated NW Productions' franchise in August 2024, before the end of its term, without providing good cause and without providing an opportunity to cure. Defendants wrongfully terminated the franchisor-franchisee relationship, without good cause by, among other things, bringing NW Productions' business to an end by forcing NW Productions to immediately cease the use of the MUO trademarks, trade dress, services, and the like, and forcing NW Productions to cancel state pageants last minute, all while Defendants attempted to disguise a deliberate termination of the franchisor-franchisee relationship as a mere non-retaliatory non-renewal.

81.     Defendants' conduct constitutes an unfair or deceptive act or practice, which occurred within the course of trade or commerce, in a manner that is contrary to the public interest. This matter has negatively affected the public interest, including contestants, pageant supporters, and members of the public who have expressed serious concern and frustration towards Defendants' actions. Such concern and frustration are evidenced by the fact that Defendants have received an exceptional amount of criticism by the media and public sources.

82.     Defendants' unfair and deceptive acts and practices were repetitive in nature, or are capable of repetition, and such unfair and deceptive acts and practices directly impacted NW Productions' business and ability to engage in commerce as a franchisee. Defendants' have shown

COMPLAINT - 18

a pattern and practice of engaging in unfair and deceptive acts, which ultimately resulted in the demise of NW Productions and its ability to engage in commerce as a franchisee and continue to host pageants.

83.    As a direct and proximate result of Defendants' unfair and deceptive acts or practices, NW Productions suffered significant harm, including actual monetary damages, as well as harm to its reputation and goodwill.

84.    NW Productions suffered damages in an amount to be proven at the time of trial, including the reasonable costs and attorneys' fees incurred as a result of pursuing this action.

85.    NW Productions requests that the Court enter judgment in favor of NW Productions awarding damages, together with reasonable attorney's fees pursuant to RCW 19.86.090.

**SECOND CLAIM FOR RELIEF**

**Violation of the Franchise Investment Protection Act (19.100.080, 19.100.190(2) et seq.)**
**(Against all Defendants)**

86.    NW Productions repeats and realleges each and every allegation contained in Paragraphs 1 through 85 above as if same were fully set forth fully herein.

87.    RCW 19.100.080 provides, in pertinent part, that "[i]t is unlawful for any person to sell a franchise that is registered or required to be registered under this chapter without first furnishing to the prospective franchisee a copy of the franchisor's current disclosure document . . . at least fourteen calendar days before the prospective franchisee signs a binding agreement with, or makes any payment to, the franchisor or an affiliate in connection with the proposed franchise sale"

88.    In 2023, NW Productions, a franchisee, paid compensation to JKN but did not receive franchise disclosure documents for the States of Idaho and Oregon prior to fourteen days of payment, and NW Productions never received franchise disclosure documents with respect to its operations in the state of Washington.

COMPLAINT - 19

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

89.    In fact, NW Productions has not received any Washington franchise disclosure documents as of the date of this filing, even though NW Productions brought the unlawful nondisclosure to the attention of VGE and/or MUO.

90.    In 2023, Defendants were not registered to sell franchises in the state of Washington.

91.    NW Productions has suffered harm as a direct result of such nondisclosure in an amount to be proven at trial.

92.    NW Production requests an award of damages, plus treble damages under RCW 19.100.190(3), including its reasonable costs and attorney's fees incurred as a result of pursing relief against Defendants.

**THIRD CLAIM FOR RELIEF**
**Promissory Estoppel**
**(Against all Defendants)**

93.    NW Productions repeats and realleges each and every allegation contained in Paragraphs 1 through 92 above as if same were fully set forth fully herein.

94.    Defendants made promises, representations, and assurances which Defendants should have reasonably expected and anticipated to cause NW Productions to change its position in reliance of such promises, representations, and assurances. Namely, NW Productions had previously received signed letters of intent indicating that the franchisor intended to provide NW Productions with a license to serve as a franchisee of the MUO brand, and specifically informed NW Productions of the licensing fees which it would be required to pay to hold state pageants in Washington, Oregon, and Idaho. VGE also represented that license agreements for the 2024 pageants will be prepared and circulated for execution by state directors.  NW Productions had informed MUO and/or VGE, on multiple occasions, the dates in which it would be hosting state pageants for each respective state, and MUO and/or VGE continued to allow and facilitate NW Productions' extensive efforts to host said pageants.

COMPLAINT - 20

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

95.    NW Productions did, in fact, change its position as a result of Defendants' promises, representations, and assurances.

96.    NW Productions reasonably and justifiably relied on Defendants' promises, representations, and assurances, and now, injustice can only be avoided by enforcement of such promises, representations, and assurances. Specifically, NW Productions relied on JKN and VGE to their detriment, considering Defendants reneged on its promises, representations, and assurances, and forced NW Productions to cancel each state pageant, including the Washington pageant, which was scheduled to take place roughly two weeks from the date of cancellation. The facts and circumstances surrounding this claim are even more egregious given that JKN and VGE placed NW Productions under threat of lawsuit and forced NW Productions to immediately cease its efforts to market and promote said pageants as being affiliated with MUO in any way.

97.    NW Productions relied on the promises, representations, and assurances of VGE (along with the prior course of dealings with VGE's predecessors), as NW Productions actively marketed and promoted the 2024 state pageants, sold tickets, sold photo and video packages, sold hair/makeup stations, prepared for the provision of online voting for People's Choice and Photogenic, issued advertisements, fielded contestants, and engaged in communications and/or social media interactions with members of the public.

98.    As a direct and proximate result, NW Productions suffered significant damages, including monetary damages associated with planning, preparing, and promoting said pageants, only to have each pageant cancelled, and NW Productions never received the benefit of its bargain. NW Productions seeks to be made whole following such detrimental reliance.

99.    NW Productions requests an award of damages to place NW Productions in the position that it would have been in if it had not relied on Defendants to its detriment, including but not limited to any expectation damages and reasonable costs and attorney's fees incurred as result of pursuing relief.

COMPLAINT - 21

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against all Defendants)

100.    NW Productions repeats and realleges each and every allegation contained in Paragraphs 1 through 99 above as if same were fully set forth fully herein.

101.    Defendants have been unjustly enriched at the detriment of NW Productions, and NW Productions is entitled to relief even without a formal signed agreement.

102.    Namely, Defendants were able to use the pageant winners to compete on a national level, for their own benefit, which NW Productions had originally fielded and allowed to compete at the state level at prior state pageants.

103.    Defendants were able to derive this benefit at NW Productions' expense and detriment, and the facts and circumstances make it unjust for JKN and VGE to retain such benefit without rendering payment to NW Productions.

104.    NW Productions is entitled to the expenses it incurred as a result of planning and/or hosting prior pageants and monetary damages to cure an unjust result. The amount of compensation awarded for this claim should be equivalent to the benefit conferred upon Defendants.

## FIFTH CLAIM FOR RELIEF
### Breach of Implied Contract or Quasi Contract
### (Against all Defendants)

105.    NW Productions repeats and realleges each and every allegation contained in Paragraphs 1 through 104 above as if same were fully set forth fully herein.

106.    The parties entered into a quasi contract (or contract implied by law) or otherwise entered into a contract implied in fact.

107.    The parties entered into a contract implied by law, which imposes legal duties, obligations, and corresponding liability as a result of their relationship; or, alternatively, the parties entered into a contract implied in fact based on the parties' words, actions, conduct, or circumstances.

COMPLAINT - 22

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

108. Defendants made an offer to NW Productions, and intended to enter into an agreement with NW Production and demanded payment in consideration thereof to be deposited in a bank account held by JKN.

109. NW Productions intended to be bound by the contract, accepted Defendants' offer, and rendered payment to Defendants as consideration.

110. The parties acted in furtherance of the contract and commenced performance, which ultimately resulted in an actual or incidental benefit conferred upon Defendants.

111. Defendants breached the implied contract by depriving NW Productions of the benefit of its bargain and thus caused NW Productions to sustain actual damages.

112. NW Production is entitled to recover restitution and other damages, including the reasonable costs and attorney's fees incurred as a result of pursuing relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For actual damages sustained to be supported according to proof to be offered at trial;

2. For treble damages as provided by FIPA, RCW 19.100.190(3);

3. For treble damages up to $25,000 as provided by the CPA;

4. For prejudgment and post judgment interest at the current statutory interest rate;

5. For reasonable costs and attorney's fees incurred as a result of pursuing this action; and

6. For any such further relief that this Court deems just and proper.

COMPLAINT - 23

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Dated:  April 30, 2025

MILLER NASH LLP

*/s/Daniel J. Oates*

Daniel J. Oates, P.C., WSBA No. 39334
dan.oates@millernash.com

605 5th Ave S, Suite 900
Seattle, WA 98104
Telephone:    206.624.8300
Facsimile:     206.340.9599

Attorneys for Plaintiff NW PRODUCTIONS,
LLC d/b/a PAGEANTS NW

COMPLAINT - 24