UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JKN UNIVERSE, LLC,                                                      :
:
                  Plaintiff,                :
:                          25-cv-8234 (LJL)
    -v-                                                              :
:                              ORDER
VVV GLOBAL ENT. LLC,                                                   :
:
                  Defendant.                :
:
------------------------------------------------------------------ :
:
VVV GLOBAL ENT. LLC,                                                  :
:
                Counterclaim Plaintiff,       :
:
    -v-                                                              :
:
JKN UNIVERSE, LLC,                                                    :
:
              Counterclaim Defendant.        :
:
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Defendant Counterclaim-Plaintiff VVV Global Ent. LLC ("VVV") moves to compel the

production of documents from Plaintiff Counterclaim-Defendant JKN Universe, LLC ("JKN").

Dkt. No. 165. JKN opposes the motion. Dkt. No. 168. The Court heard oral argument on the

motion today, May 15, 2026. The motion is granted in part and denied in part.

     For the reasons stated on the record at the conference, VVV's motion to compel the

production of documents responsive to Requests for Production 11–13 is granted in part and

denied in part. The requests seek financial information for JKN. Dkt. No. 165-1 at 16–19. JKN

does not dispute the relevance of documents beginning January 1, 2021, nor does it argue that

producing such documents would be unduly burdensome. Dkt. No. 168 at 2. VVV has not

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/15/2026

established the relevance of the documents predating January 1, 2021.  Accordingly, JKN shall produce documents responsive to Requests 11–13 for the time period beginning January 1, 2021.

VVV's Requests for Production 20–21 and 23 seek documents related to the promotion, resignation, or termination of Mario Búcaro Flores as JKN's CEO, as well as documents related to any written agreement with him (including severance or cooperation agreements) from September 2025 to present.  Dkt. No. 165-1 at 24–28.  "[I]nformation sought for the purpose of impeachment is almost always relevant to the claims or defenses the parties have asserted."  6 Moore's Federal Practice § 26.45[2][a] (3d ed. 2026); *cf. Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 3578251, at *6 (S.D.N.Y. July 1, 2020) (compelling production of settlement agreement under Rule 26 because it was relevant to witness's potential bias or prejudice).  The motion to compel is granted.

VVV moves to remove the redactions JKN has placed on documents for "personal information."  "A court may permit redactions of personal data such as contact information on a finding of good cause based on a need to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *McConkey v. Churchill Sch. & Ctr.*, 2025 WL 1928552, at *1 (S.D.N.Y. July 14, 2025) (internal quotation marks omitted) (quoting *Howell v. City of New York*, 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007)).  "However, '[t]o establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Id.* (quoting *Republic of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018)).  JKN has not made the necessary showing.  It is ordered to remove any redactions it has placed on documents produced to Plaintiff for reasons that they concern personal information.

By May 29, 2026, the parties shall file a joint update with the Court regarding the status

of JKN's production as well as any issues with respect to the ESI protocol that might exist.

On June 5, 2026, at 11:00 AM, the Court will hold a status conference via Microsoft Teams video conference.  The parties will be provided instructions for accessing the conference through email and the public/press may access the hearing by dialing into the Court's audio only teleconference line at 646-453-4442 and using Conference ID# 358639322.

The Clerk of Court is respectfully directed to close Dkt. No. 165.

SO ORDERED.


Dated: May 15, 2026
        New York, New York                              LEWIS J. LIMAN
                                                  United States District Judge

3