UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JKN UNIVERSE, LLC,

                           Plaintiff,

       -v-

VVV GLOBAL ENT. LLC,

                           Defendant.

-------------------------------------------------------------------

VVV GLOBAL ENT. LLC,

                           Counterclaim Plaintiff,

       -v-

JKN UNIVERSE, LLC,

                           Counterclaim Defendant.

------------------------------------------------------------------X

25-cv-8234 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

VVV Global Ent. LLC ("VVV") moves, pursuant to Federal Rules of Civil Procedure

37(a) and 45((d)(2)(B)(i)[1] and Section 4.C of the Court's Individual Practices in Civil Cases, for

an order compelling third parties Thom Brodeur and BDE Miss USA, LLC (collectively, the

"BDE Parties") to produce documents responsive to subpoenas duces tecum ("Subpoenas").

Dkt. No. 173. The BDE Parties accepted service of the Subpoenas through counsel effective on

March 4, 2026, Dkt. No. 173-3 at 2[2], but have failed to produce any documents and asserted

---

[1] VVV does not formally invoke the Federal Rules of Civil Procedure but seeks the relief
provided for by those Rules.
[2] The page numbers cited for this docket entry reference the ECF header page numbers.

objections that each of the twenty-five document requests propounded is irrelevant, vague, ambiguous, overbroad, unduly burdensome, or disproportionate to the needs of the case, Dkt. No. 173-4.

The party seeking to compel responses to a subpoena must show that the requested discovery is relevant under the standards of Rule 26(b)(1) and is not disproportionate to the needs of the case. *See In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at \*4 (S.D.N.Y. June 11, 2019). "'In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties.'" *Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2025 WL 3535065, at \*4 (S.D.N.Y. Dec. 10, 2025) (quoting *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at \*2 (S.D.N.Y. Nov. 26, 2024). "Whether a subpoena imposes an 'undue burden' 'depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at \*8 (S.D.N.Y. Dec. 23, 2003) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996)).

The BDE Parties argue that the Court lacks personal jurisdiction over them and that the Subpoenas call for irrelevant information that also is disproportionate to the needs of the case. They also argue that the Subpoenas impose an undue burden on them. Dkt. No. 175.

The argument of the BDE Parties that the Court lacks personal jurisdiction is without merit. The argument is predicated on the notion that the BDE Parties "are neither parties to this

case nor New York domiciliaries" and that the Amended Complaint and motion to compel do not have jurisdictional allegations with respect to them.  Dkt. No. 175 at 2.  However, Rule 45, by its terms, provides for nationwide service of process.  *See* Fed. R. Civ. P. 45(b)(2) ("A subpoena may be served at any place within the United States."); 9 Moore's Federal Practice § 45.22[1], at 45-56 (3d ed. 2025) ("A subpoena may be served at any place within the United States."); Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendment (noting that the amendments to Rule 45 permit nationwide service of process).  Local non-parties are protected by the provision of Rule 45(c) that the subpoena may command production of documents or appearance at a deposition only in the State or "within 100 miles of where the person resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c), as well as by the provision of Rule 45(d)(2)(B)(i) that a motion to compel may be brought only in the district where compliance is required, Fed. R. Civ. P. 45(d)(2)(B)(i).  It thus is irrelevant that the BDE Parties do not reside in New York and are no longer parties to this case.  BDE Miss USA, LLC is a Delaware LLC with its principal place of business in Washington and Brodeur is domiciled in Washington State.  Dkt. No. 177 at 1.  They do not dispute that they are subject to service in the United States.  Moreover, while the BDE Parties might have had a well-founded objection to the requirement in the Subpoenas that they produce documents to counsel in New York, New York, Dkt, No. 173-1, they have not made that objection here but rather have asked that the Court deny the motion to compel and quash the Subpoenas, Dkt. No. 175 at 1; *see also* Dkt. No. 173-4 (BDE Parties' responses and objections to the Subpoenas which do not object to designated place of compliance).  Accordingly, the Court has personal jurisdiction over the BDE Parties.

The Court will hold a videoconference on the BDE Parties' substantive objections to the Subpoenas at 12:30 p.m. on Friday, July 10, 2026 via Microsoft Teams.  The parties are to meet

and confer to attempt to narrow the requests in dispute and to file a joint letter on ECF no later than July 8, 2026 at 5:00 p.m., indicating the particular requests that require a decision by the Court with for each request one paragraph (no more than ten lines in 12-point type) identifying for VVV the relevance of the request and the reason why it is proportionate to the needs of the case, and for the BDE Parties the undue burden caused by the request.  (The parties shall also indicate any agreements on the dates by which production is to be made.)  The Court reserves decision on VVV's argument that the BDE Parties have waived their objection by (1) serving them late; and (2) making only boilerplate objections.  The parties may address that issue orally at the videoconference.

The parties will be provided with a link to participate in the proceedings by email in advance of the conference.  The public may access the proceedings by dialing into the Court's audio-only teleconference line at 646-453-4442 and using Conference ID# 358639322.

SO ORDERED.

Dated: June 30, 2026
     New York, New York

                LEWIS J. LIMAN
                United States District Judge