

390 Madison Ave., 12th Floor
New York, New York 10017
(646) 746-2000

www.btlaw.com

Russell T. Gorkin
(646) 746-2403
RGorkin@btlaw.com

July 8, 2026

***Via ECF***

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**    ***JKN Universe, LLC v. VVV Global Ent. LLC*, 1:25-cv-08234**

Dear Honorable Judge Liman:

This firm represents VVV Global Ent. LLC ("VVV"). We write jointly with counsel for Thom Brodeur and BDE Miss USA, LLC ("BDE", and with Brodeur, the "BDE Parties") pursuant to the Court's June 30, 2026, Memorandum and Order directing the parties to file a letter "identifying for VVV the relevance of the request and the reason why it is proportionate to the needs of the case, and for the BDE Parties the undue burden caused by the request." (ECF No. 182 at 4.)

Additionally, the parties write to inform the Court that they have reached an agreement with respect to RFP Nos. 12 and 13, so no decision is required with respect to those RFPs. The parties have not yet agreed on the date by which production is to be made should the BDE Parties be required to produce documents in response to any of the RFPs requiring a decision.

\*    \*    \*

**Request No. 1:** Produce all internal Documents and Communications (and attached Documents thereto) related to VVV or Rose.

*VVV's Response*

These materials are relevant because VVV alleges BDE participated in a campaign to undermine VVV, while JKN alleges Rose caused brand harm and mismanaged Miss USA. Internal communications concerning VVV or Rose may show BDE's knowledge, intent, motive, and role in the alleged disparagement and replacement of VVV. The request is proportionate because it targets materials about VVV and Rose, whose reputations and contractual rights are core issues.

*BDE Parties' Response*

There is an undue burden because: (i) 2020 to present is overly broad as VVV's Management Agreement with JKN was executed in 2023 and BDE did not replace VVV until September 2025,

Hon. Lewis J. Liman
Page 2

and (ii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Request No. 2:**  Produce all external Communications (and attached Documents thereto) between or among (including to, from, cc, or bcc) BDE or Brodeur and anyone other than JKN related to VVV or Rose.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 1.  These materials are also relevant because VVV alleges that Brodeur and others outside JKN helped spread statements portraying VVV and Rose as mismanaging Miss USA. They may identify the participants, timing, content, and spread of the alleged campaign. The request is proportionate because it is limited to non-JKN communications about VVV and Rose.

*BDE Parties' Response*

There is an undue burden because: (i) the BDE Parties' non-JKN external communications are irrelevant to assessing the Parties' breaches of contracts or any claim or defense, (ii) 2020 to present is overly broad as stated above, and (iii) the request seeks "all" documents from "anyone," both of which make the request so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Request No. 3:**  Produce all internal Documents and Communications (and attached Documents thereto) related to BDE or Brodeur becoming manager or assuming managerial control of Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFPs 1 and 2. Internal records concerning the transition to BDE may show whether BDE or Brodeur planned to assume control before, during, or after VVV's alleged termination. Additionally, JKN does not presently have access to a large tranche of documents stored on Thai servers, so the timing associated with the BDE Parties' efforts may be critical to establishing JKN's contractual breaches.

*BDE Parties' Response*

There is an undue burden because: (i) 2020 to present is overly broad as VVV's Management Agreement with JKN was executed in 2023 and BDE did not replace VVV until September 2025, and (ii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 3

**Request No. 4:**  Produce all external Communications (and attached Documents thereto) between or among (including to, from, cc, or bcc) BDE or Brodeur and anyone other than JKN related to BDE or Brodeur becoming manager or assuming managerial control of Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFPs 1–3. Additionally, external communications may identify who coordinated the transition and what they understood about VVV's existing rights, as well as what was publicly known about Brodeur's reputation; as a result, they may show whether JKN's allegations regarding brand harm caused by VVV and its claimed damages are credible in light of JKN's decision to embrace Brodeur.

*BDE Parties' Response*

There is an undue burden because: (i) the BDE Parties' non-JKN external communications are irrelevant to the Parties' breaches of contracts or any claim or defense, (ii) 2020 to present is overly broad as discussed in Nos. 1-3, and (iii) the request seeks "all" documents from "anyone," both of which make the request overly broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Request No. 5:**  Produce all internal Documents and Communications (and attached Documents thereto) related to BDE or Brodeur obtaining a license to operate Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFPs 1–4. They are also relevant because JKN was required to work in good faith towards finalizing a license with VVV, but repeatedly stalled those efforts, including by failing to obtain necessary regulatory approvals. Materials related to BDE's acquisition of a license are relevant to place JKN's efforts with VVV in context, and proportionate because the license transfer is central to both liability and damages.

*BDE Parties' Response*

There is an undue burden because: (i) 2020 to present is overly broad as VVV's Management Agreement with JKN was executed in 2023 and BDE did not replace VVV until September 2025, (ii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed, and (iii) it is redundant of No. 3.

**Request No. 6:**  Produce all external Communications (and attached Documents thereto) between or among (including to, from, cc, or bcc) BDE or Brodeur and anyone other than JKN related to BDE or Brodeur obtaining a license to operate Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFPs 3–5. They are also relevant to identify third parties that helped negotiate the substitute license, which could lead to the discovery of further evidence.  Additionally, JKN purportedly terminated VVV because the

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 4

last draft license it proposed allegedly contained "substandard terms," and so the requested materials may shed further light on the credibility of that alleged ground for termination.

*BDE Parties' Response*

There is an undue burden because: (i) the BDE Parties' non-JKN external communications are irrelevant to the Parties' breaches of contracts or any claim or defense, (ii) the requested time period is overly broad for the same reasons stated above, (iii) the request seeks "all" documents from "anyone," both of which make the request overly broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed, and (iv) it is redundant of No. 4.

**Request No. 7:**  Produce all internal Documents and Communications (and attached Documents thereto) related to the negotiation or execution of any agreement between BDE or Brodeur, on the one hand, and JKN, on the other.

*VVV's Response*

These materials are relevant because JKN alleges it terminated its agreement with VVV because of brand damage, while VVV alleges that termination was pretextual because JKN received a more lucrative offer from BDE. Internal documents about negotiation and execution may show when the agreement was negotiated, the contemplated economic terms, and whether the parties discussed VVV's rights, and are proportionate because those issues bear directly on liability and damages.

*BDE Parties' Response*

There is an undue burden because: (i) the requested time period is overly broad for the same reasons stated above, (ii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed, (iii) VVV cannot express a sufficient reason to obtain documents that it should know will be largely privileged, and (iv) it is redundant of Nos. 3 and 5.

**Request No. 8:**  Produce all external Communications (and attached Documents thereto) between or among (including to, from, cc, or bcc) BDE or Brodeur and anyone other than JKN related to the negotiation or execution of any agreement between BDE or Brodeur, on the one hand, and JKN, on the other.

*VVV's Response*

These documents and relevant and proportionate for the same reasons as RFP 7.  Additionally, these documents will help identify any third parties that participated in the transaction, its business rationale, and timing for the alleged substitute deal. The request is proportionate because BDE's external communications may reveal facts not reflected in JKN's files and are limited to the central transaction in dispute.

*BDE Parties' Response*

There is an undue burden because: (i) the BDE Parties' non-JKN external communications are irrelevant to the Parties' breaches or any claim or defense, (ii) the time period is overly broad as

Barnes & Thornburg

Hon. Lewis J. Liman
Page 5

stated above, (iii) the request seeks "all" documents from "anyone," making it overly broad and non-particular as discussed above, (iv) VVV cannot express a sufficient reason to obtain documents known to be largely privileged, and (v) it is redundant of Nos. 4 and 6.

**Request No. 9:**  Produce all internal Documents and Communications (and attached Documents thereto) related to Kat Widmeyer.

*VVV's Response*

Internal documents concerning Kat Widmyer are relevant because VVV has identified Widmyer as having knowledge about misconduct by former Miss USA titleholder Noelia Voigt and Brodeur, each of whom has levied accusations against VVV and Rose. The request is proportionate because it seeks records about a specific witness whose testimony bears on the alleged public narrative concerning Miss USA, and JKN's assertion that Brodeur would remediate Miss USA's image.

*BDE Parties' Response*

There is an undue burden because: (i) Kat Widmeyer is irrelevant to the Parties' claims and defenses and seeks this information for no other reason than an attempt to tarnish Mr. Brodeur's name, (ii) 2020 to present is overly broad as discussed above, and (iii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Request No. 10:**  Produce all external Communications (and attached Documents thereto) between or among (including to, from, cc, or bcc) BDE or Brodeur and anyone other than JKN related to Kat Widmeyer.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 9.  External communications concerning Widmyer are relevant to VVV's contention that Brodeur and his associates regularly engage in harassment and smear campaigns, bolstering the contention that BDE orchestrated a similar smear campaign against VVV. That will undermine JKN's claims that VVV's conduct—rather than a rival's efforts to usurp control—caused its alleged damages.

*BDE Parties' Response*

There is an undue burden because: (i) the information sought is irrelevant as discussed in No. 9, (ii) the BDE Parties' non-JKN external communications are irrelevant to the Parties' breaches, (iii) the time period is overly broad as stated above, and (iv) the request seeks "all" documents from "anyone," both of which make the request overly broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed.

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 6

**Request No. 11:** Produce all text messages exchanged with Mario Búcaro Flores related to Miss USA, VVV, or Rose.

*VVV's Response*

These materials are relevant because Búcaro is identified as having knowledge of the contracts, JKN's failure to negotiate the MLA, VVV's termination, and JKN's relationship and transactions with BDE/Brodeur. They may show whether Miss Universe reassured Rose about Brodeur while acting inconsistently with VVV's rights. The request is proportionate because it is confined to one executive and the subjects at the heart of the management and reputational disputes.

*BDE Parties' Response*

There is an undue burden because: (i) the requested time period is overly broad as stated above, (ii) texts among Messrs. Brodeur and Flores after BDE became manager are irrelevant to the claims and defenses, (iii) the request seeks "all" documents which is so broad and non-particular that relevance and VVV's need for the information cannot be fairly assessed, (iv) it is redundant of Nos. 2, 4, 6, and 8, and (v) the texts are equally accessible from JKN.

**Request No. 14:** Produce all Documents and Communications constituting or referring to valuations of Miss USA and/or the Miss USA business.

*VVV's Response*

These materials are relevant to JKN's alleged brand damages. Additionally, VVV seeks expectation damages exceeding $100 million based on the wrongful diversion of the Miss USA license. Such valuations bear on the economic value of the license, projected revenues, and whether BDE's alleged acquisition reflected market value or another negotiated value. The request is proportionate because valuation evidence goes directly to the parties' respective damages claims.

*BDE Parties' Response*

There is an undue burden because: (i) BDE's valuations are irrelevant and unnecessary in evidencing breaches of contracts or for VVV to assess alleged damages, (ii) such valuations are competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, and (iv) this information may be equally available from JKN.

**Request No. 15:** Produce all Documents received or prepared by BDE or any agent acting on BDE's behalf, constituting or relating to due diligence for the purchase of a license to operate Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14. These materials are also relevant to what BDE learned about the value, revenue, risks, Miss USA's brand status, VVV's claimed rights, and JKN's ability to transfer the license. The request is proportionate

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 7

because due-diligence materials are confined to the transaction at issue and likely contain contemporaneous, market-based assessments unavailable from other sources.

*BDE Parties' Response*

There is an undue burden because: (i) BDE's due diligence is irrelevant and unnecessary as stated in No. 14, (ii) such diligence is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, (iv) the request's use of "all" is overly broad, and (v) this information may be equally available from JKN.

**Request No. 16:**  Produce all financial analyses or forecasts of any nature whatsoever related to Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14 and 15. Financial analyses or forecasts are also relevant to VVV's lost-profits and expectation-damages claims, and to comparing the value JKN allegedly denied VVV with the value BDE expected to receive. The request is proportionate because financial projections are central damages evidence and should be readily identifiable within BDE's files.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) such financials are competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, (iv) the request's use of "all" is overly broad as stated above, and (v) this information may be equally available from JKN.

**Request No. 17:**  Produce all Documents reflecting monthly balance sheets and income statements for BDE.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14–16. They also are relevant to how BDE is monetizing the Miss USA business and to the financial assumptions underlying the BDE license, which go to VVV's expectation damages, as well as JKN's claim that VVV damaged its brand. The request is proportionate because these documents are uniquely in BDE's possession and can be limited to the period in which BDE pursued or operated Miss USA.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) it is overbroad in seeking BDE's information prior to being Miss USA's manager, (iii) such financial information is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iv) the requested time period is overly broad as stated above, and (v) the request is overly broad as stated in No. 14.

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 8

**Request No. 18:**  Produce all financial statements (including balance sheets and income statements) reflecting assets, liabilities, revenues, expenses, or financial performance related to Miss USA.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14–17. Financial statements reflecting assets, liabilities, revenues, expenses, or financial performance related to Miss USA are relevant to VVV's damages and license-value theories. The request is proportionate because it seeks Miss-USA-specific financials rather than all BDE finances, and because it goes directly to the value and profitability of the business VVV alleges it should have operated.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) such financial information is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, (iv) the request is overly broad as stated in No. 14, and (v) this information may be equally available from JKN.

**Request No. 19:**  Produce all financial statements (including balance sheets and income statements) reflecting assets, liabilities, revenues, expenses, or financial performance related to any State Pageant.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14–18. They are also relevant because State Director and contestant fees, and state-level operations are central to funding the national Pageants and to VVV's claimed damages. The request is proportionate because State financials drive revenue for Miss USA and directly test both JKN's allegations of VVV-caused losses and VVV's contention that JKN's FDD delays caused state-level disruption.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) such financial information is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, (iv) the request is overly broad as stated in No. 14, and (v) this information may be equally available from JKN.

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 9

**Request No. 20:**  Produce all Communications and Documents reflecting any revenue whatsoever (including but not limited to licensing fees, entry fees, broadcasting fees, sponsorship fees, merchandising fees, talent-management fees, and state-director license fees) received by BDE in connection with Miss USA or State Pageants.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 14–19. They are also relevant because VVV alleges it would have been entitled to revenues from State Director fees, broadcasting, sponsorships, merchandising, talent management, and related income had JKN worked to finalize and transfer the license to VVV as promised. The request is proportionate because it seeks the revenue streams at the center of VVV's damages model.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) such financial information is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the requested time period is overly broad as stated above, (iv) the request is overly broad as stated in No. 14, and (v) this information may be equally available from JKN.

**Request No. 21:**  Produce all Documents reflecting the organizational structure of BDE between January 1, 2020, through the present, including but not limited to (1) organizational employee charts and (2) lists of current and former officers, managers, general and/or limited partners, and shareholders.

*VVV's Response*

Materials showing BDE's organizational structure are relevant to identifying the persons, roles, and context reflected in materials produced in response to other requests. The request is proportionate because it seeks basic organizational information that is routinely maintained and needed to identify custodians, witnesses, and decision-makers.

*BDE Parties' Response*

There is an undue burden because: (i) the corporate structure and identity of employees and owners of BDE, which was formed in September 2025, has no relevance to the claims, defenses, or damages and will not lead to more discoverable information or make a material fact more or less probable, (ii) the time period is overly broad as stated above and immaterial to VVV's loss of the Miss USA managerial license, and (iii) the request is overly broad as stated in No. 14.

**Request No. 22:**  Produce all Documents sufficient to identify all current and former State Directors from 2020 through the present.

*VVV's Response*

State Director identity is relevant because both the complaint and counterclaim place State Directors, State License Agreements, FDDs, and State License Fees at the center of the alleged

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 10

breaches and damages. The request is proportionate because it seeks documents sufficient to identify State Directors, rather than all documents concerning every State Director.

*BDE Parties' Response*

There is an undue burden because: (i) the identity of State Directors is irrelevant to the claims, defenses, or damages at issue and will not lead to more discoverable information or make any material fact more or less probable, (ii) the requested time period is overbroad as BDE became manager in September 2025 and VVV has access to this information as the former manager, and (iii) the information is more available, not just equally available, from JKN for the same reasons.

**Request No. 23:**  Produce all Documents sufficient to identify the number of contestants that participated in the State Level Pageants, individually and cumulatively, from 2020 through the present.

*VVV's Response*

These materials are relevant because JKN alleges that brand damage caused decreased contestant numbers, while VVV attributes any decline to JKN's state-licensing delays. Participation data may test causation by showing whether, when, and where contestant numbers changed before and after the alleged misconduct, termination, and transition to BDE.  The request is proportionate because contestant counts are limited, objective metrics, that should be easily identifiable.

*BDE Parties' Response*

There is an undue burden because: (i) the information sought is irrelevant to the claims, defenses, or damages at issue and will not lead to more discoverable information or make a material fact more or less probable, (ii) the time period is overbroad as BDE became manager in September 2025 and VVV has access to this information as the former manager, and (iii) the BDE Parties have never had access to this information, which is in the possession of JKN and/or VVV.

**Request No. 24:**  Produce all Documents sufficient to identify contestant entry fees for all Miss USA and State Pageants from 2020 through the present.

*VVV's Response*

These materials are relevant and proportionate for the same reasons as RFP 23. These materials are also relevant because contestant fees are a component of the revenue VVV alleges it could have collected under a license, and a measure of state-level performance after the alleged transfer. The request is proportionate because it seeks documents identifying fee amounts, not wholesale production of contestant files, which is directly tied to damages and business valuation.

*BDE Parties' Response*

There is an undue burden because: (i) the requested information is irrelevant to the claims, defenses, or damages at issue and will not lead to more discoverable information or make any material fact more or less probable, (ii) the requested time period is overbroad as BDE became

**Barnes & Thornburg**

Hon. Lewis J. Liman
Page 11

manager in September 2025 and VVV has access to this information as the former manager, and (iii) the information is more available, not just equally available, from JKN for the same reasons.

**Request No. 25:**  Produce all Documents consisting of payments and/or reflecting amounts paid by BDE or any agent acting on BDE's behalf to JKN in connection with any license to operate Miss USA or any agreement relating to Miss USA.

*VVV's Response*

These materials are relevant because VVV alleges JKN withheld the promised MLA from VVV and instead granted or agreed to grant a license to BDE to obtain more lucrative price and duration terms. The request is proportionate because payment records are narrow, discrete, and critical to showing JKN's motive, consideration, unjust enrichment, and the value of the transaction that allegedly displaced VVV.

*BDE Parties' Response*

There is an undue burden because: (i) it is irrelevant and unnecessary as stated in No. 14, (ii) such information is competitively sensitive, VVV and BDE are competitors, and VVV has already shared Discovery Material in breach of the Protective Order at ECF 94, (iii) the request's use of "all" is overly broad as stated above, and (iv) this information is equally available from JKN.

Respectfully submitted,

/s/ *Russell T. Gorkin*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this date, a copy of the foregoing document was electronically filed with the Court using the ECF system, which will send notification of such filing to all counsel of record. The undersigned further certifies that a copy of the foregoing was served upon counsel for Thom Brodeur and BDE Miss USA, LLC by US mail and electronic mail.

/s/ *Russell T. Gorkin*

**Barnes & Thornburg**